20414 324681

MARK B. CONNELY/S.B.# 125693
HALL, HIEATT & CONNELY, LLP
1319 Marsh Street, Second Floor
San Luis Obispo, CA 93401
Telephone: (805) 544-3830
Facsimile: (805) 544-5329
connely@hhc-slo.com

Attorneys for Plaintiffs
Joan Shelley, Michelle Loftis, Sandra Hoyopatubbi

# IN THE UNITED STATED DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOAN SHELLEY, MICHELLE LOFTIS, SANDRA HOYOPATUBBI,<br><br>　　　　Plaintiffs,<br>vs.<br><br>COUNTY OF SAN JOAQUIN; SHERIFF STEVE MOORE, IN HIS OFFICIAL CAPACITY AS SHERIFF OF SAN JOAQUIN COUNTY AND STEVE MOORE, INDIVIDUALLY; DOES 1 TO 100<br><br>　　　　Defendants. | CIVIL CASE No. _____<br><br>COMPLAINT FOR:<br>1. Violations of 42 U.S.C. § 1983, § 1985<br>2. Intentional Infliction of Emotional Distress<br>3. Negligent Infliction of Emotional Distress<br>4. Negligence<br><br>**(JURY TRIAL REQUESTED)** |

Plaintiffs allege:

A. **JURISDICTION AND VENUE**

　　1. This action arises under 42 U.S.C. Section 1983. Jurisdiction is therefore conferred upon this court by 28 U.S.C. Sec. 1331 and 28 U.S.C. Sec. 1367.

　　2. Venue is appropriate in this Court under 28 U.S.C. Sec. 1391 because the events giving rise to this complaint occurred within the County of San Joaquin, California.

　　3. Plaintiffs, Joan Shelley, Michelle Loftis and Sandra Hoyopatubbi, are and were at all times mentioned herein, citizens of the State of California, and reside in

COMPLAINT FOR VIOLATION OF
42 U.S.C. Sec. 1983 & 1985                           1

County of San Joaquin.

4. Defendant, County of San Joaquin, is a County in the State of California. Defendant, Steve Moore is the Elected Sheriff of San Joaquin County, and plaintiffs are informed and believe that he is a citizen of the State of California, and a resident of the County of San Joaquin. Plaintiffs also alleged, and are informed and believe that Sheriff Moore, at all times mentioned in this complaint, was acting under color of state law.

5. Plaintiffs are unaware of the names of other defendants but, on information and belief, assert that there are potentially other necessary defendants to this action. As such, Plaintiffs have named "Doe" defendants for this federal question case.

## B. FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

6. On or about August 29, 1985, Jo Ann Hobson, then 15 years old, a citizen of the State of California and a resident of San Joaquin, became missing. She was one of several suspected victims of Loren Herzog and Wesley Shermantine. Jo Ann Hobson was the daughter of Joan Shelley, and the sister of Michelle Loftis and Sandra Hoyopatubbi.

7. On or about February 11, 2012, the Sheriff of San Joaquin, Steve Moore, the Sheriff's department and other agencies ("Defendants"), commenced to dig down into a well in San Joaquin County where it was reported that the remains of Jo Ann Hobson and others were located. Defendants were able to determine the location of the well based on information supplied by Wesley Shermantine, which included a map of where he and/or Loren Herzog had buried numerous bodies after one or the other, or both of them had killed their victims.

8. At all times, it was well known and understood to Defendants that digging into an abandoned well in search of victims' bodies, especially those that had been buried without the ordinary preparation for the same, required careful and precise exhumation. Defendants were also aware and understood that to preserve evidence and to not violate the constitutional and fundamental rights of the next of kin of the

deceased, exacting exhumation and/or removal of the bones of the deceased was critical. Finally, Defendants were at all times aware that large scale digging with back hoes or other major earthmoving equipment is destructive to crime scenes and renders identification of remains difficult if not impossible, risks commingling of remains, and is so outrageous and wrong in a civilized society as to cause instant, profound, severe and permanent emotional distress to the victim's next of kin. Such destruction of a victim's body, as Defendants are aware, would be a violation of the next of kins' substantive and procedural due process rights, as guaranteed to them by the United States Constitution.

9. Notwithstanding this awareness of injury, damage, and violations of constitutional rights that would follow from digging up Jo Ann Hobson's remains, Defendants, in reckless or intentional disregard of the constitutional rights of Plaintiffs, on or about February 11, 2012, ordered the well to be rapidly turned up with a back hoe. Further, notwithstanding the lack of any forensic or law enforcement purpose or reason and contrary to any known forensic or legal rationale, Defendants ordered the digging with the back hoe to continue *after* bones were discovered. Thereafter, in the presence of Joan Shelley, and with invited television and news organizations observing, Defendants recklessly, intentionally and /or negligently caused the skeletal remains of Jo Ann Hobson, a victim of murder, to be chewed up, pulverized, destroyed, crushed and commingled with other unknown murder victims. This, in turn, caused Plaintiffs extreme shock, horror, distress and permanent psychologic injury and harm.

10. Thereafter, and again without known explanation or rationale, the Defendants held the skeletal remains of Jo Ann Hobson and would not release them to Plaintiffs for burial or other disposition. Finally, on or about August 25, 2012, Defendants turned over the chopped up and purported remains of Jo Ann Hobson, by sending them to the mortuary for cremation. Out of concern that the remains, which had already been desecrated and nearly completely destroyed, might not be those of

her daughter, Plaintiff Joan Shelley caused to have the remains photographed and evaluated by Erick Bartelink, Ph.D., professor of forensic anthropology at Chico State University. Dr. Bartelink's review and evaluation of the bone fragments provided by Defendants and purportedly belonging to Jo Ann Hobson, revealed that at least three, and perhaps more individuals were contained in the body bag of bones Defendants had released for cremation. At least one of these bones has been identified by DNA evidence as belonging to Kimberly Billy and not to Jo Ann Hobson. Further, the forensic evaluation has documented that not all of Jo Ann Hobson's remains have been turned over. Finally, and to the horror and shock of Plaintiffs, it would appear that Defendants turned over the desecrated remains of what was purported to be Kimberly Billy to her family for cremation; and Plaintiffs are informed and believe that within the remains that Defendant passed off as belonging to Kimberly Billy, are the missing remains of their daughter and sister, Jo Ann Hobson. The remains of Jo Ann Hobson have been irreparably destroyed and desecrated by the actions of Defendants in co-mingling them with the remains of other victims and in his treatment and disposition of such family remains.

C. **FIRST CLAIM FOR RELIEF - VIOLATION OF 42 U.S.C. SEC. 1983**

11. Plaintiffs reallege paragraphs 1 through 10. 42 U.S.C. Sec. 1983 provides that a party shall be liable when it subjects or causes to be subjected, any person of the United States "deprivation of any rights, privileges, or immunities secured by the Constitution and law of the Unites States."

12. At all times material to the complaint, Defendants were acting in their individual capacities to perform official duties under color of state, county or municipal law.

13. Plaintiffs specifically objected to the use of a back hoe for the excavation of the well at which Jo Ann Hobson was buried. The objection was made specifically because Plaintiffs were concerned about the potential harm that could befall the body of Jo Ann Hobson. Instead, Defendants obliterated the body of Jo Ann Hobson, then

willfully withheld her remains from her next of kin. Finally, once the purported remains were returned, it was discovered that Defendants had co-mingled Jo Ann Hobson's remains with those of other murder victims as to render the complete return of Ms. Hobson's remains effectively impossible.

14. Because of Defendants' arbitrary and capricious manner of handling the remains of Jo Ann Hobson, Plaintiffs have been deprived of their constitutional property rights in those remains.

D. **INTENTIONAL / NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

15. Plaintiffs reallege paragraphs 1 through 14. Plaintiffs allege that Defendants' conduct was extreme and outrageous in that, among other things, Defendants knew that Plaintiffs were abnormally sensitive and subject to emotional distress dues to the fact that their family member had been murdered. Defendants' acts were also outrageous because Plaintiff had informed them that she was opposed to digging up her daughter's remains with a back hoe for fear that Jo Ann Hobson's body would be damaged.

16. Defendants actions were intentionally or negligently calculated to cause the Plaintiff's emotional distress, or they acted with reckless disregard for the same.

17. Plaintiffs have suffered extreme and severe emotional distress as a result of Defendants' conduct, and it was the Defendants' conduct, described above, that led to such severe and extreme emotional distress.

E. **NEGLIGENCE**

18. Plaintiffs reallege paragraphs 1 through 17. Plaintiffs also allege that Defendants in this matter were negligent in their treatment of Jo Ann Hobson's remains and in their subsequent actions described above. Plaintiffs were harmed as a result of Defendant's negligence, and Defendants' negligent acts were a substantial factor in causing Plaintiffs' harm.

WHEREFORE, Plaintiffs have suffered economic damages and non-economic

damages in amounts to be proved at trial. Plaintiffs seek recovery of all compensatory and punitive damages provided by law, in additional to any reasonable attorney fees and costs.

Dated: February 11, 2013          HALL, HIEATT & CONNELY, LLP

                                  By: *[signature: Mark B Connely]*
                                  MARK B. CONNELY, ESQ.
                                  Attorneys for Plaintiffs
                                  Joan Shelley, Michelle Loftis, and
                                  Sandra Hoyopatubbi