1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JOAN SHELLEY, et al.,                    No.  2:13-cv-0266 MCE DAD

12              Plaintiffs,

13        v.                                  ORDER

14   COUNTY OF SAN JOAQUIN, et al.,

15              Defendants.

16

17        On May 22, 2015, this matter came before the undersigned for hearing of defendant's

18   motion to quash.  Attorney Mark Connely appeared on behalf of the plaintiffs and attorneys Mark

19   Berry and Matthew Dacey appeared on behalf of the defendants.  After hearing argument from

20   the parties, the court took the motion under submission.

21                                  BACKGROUND

22        As previously explained by the assigned District Judge, plaintiffs' complaint seeks to

23   recover damages from the defendant, the County of San Joaquin ("County"), for the alleged

24   violation of the U.S. Constitution during the exhumation of the body of plaintiffs' deceased

25   relative, Jo Ann Hobson.  (MTD Ord (Dkt. No. 32) at 1.)  The most recent discovery dispute

26   between the parties stems from plaintiffs' issuance of subpoenas, on February 27, 2015, to two

27   California Department of Justice employees, Kaycee Leonard and Erin Brooks, seeking testimony

28   and the production of documents related to "communications and/or correspondence the Missing

                                         1

1    and Unidentified Persons Unit of the State of California, Department of Justice" had with the

2    defendant County regarding Jo Ann Hobson and three other identified individuals.  (Konz Decl.

3    (Dkt. No. 55-1) at 5.[1])  On March 13, 2015, the Department of Justice objected to the date set for

4    the depositions of its two employees and objected, pursuant to California Penal Code §§ 14204(b)

5    and 14205(f), to the production of documents requested.  (Id. at 7-8.)  That same day the

6    defendant County filed the motion to quash those same subpoenas.  (Dkt. No. 46.)

7            On May 15, 2015, the parties filed a joint statement regarding discovery disagreement.

8    (JS (Dkt. No. 55.))  The matter came for hearing before the undersigned on May 22, 2015.  (Dkt.

9    No. 56.)

10                                                    ANALYSIS

11           Defendant's motion seeks to quash plaintiffs' subpoenas as to the depositions of Kaycee

12   Leonard and Erin Brooks and the requested production of documents at those depositions.

13   Defendant argues that "[t]he testimony and documents that the Plaintiffs seek from the DOJ will

14   reveal information about . . . open investigations."  (JS (Dkt. No. 55) at 7.)  Although not clearly

15   articulated in the joint statement, plaintiffs' counsel informed the court at the May 22, 2015

16   hearing that plaintiffs are not challenging the DOJ's stated objection to the requested production

17   of documents at the depositions and are now seeking only to depose Leonard and Brooks to, in

18   part, question them based upon documents plaintiffs already possess.  Accordingly, only the

19   taking of the depositions of Leonard and Brooks are now at issue before this court.

20            As the party who moved to quash those depositions, defendant has the burden of

21   persuasion.  See Moon v. SCP Pool Corp., 232 F.R.D. 633, 637 (C.D. Cal. 2005); Travelers

22   /////

23   /////

24   /////

25   /////

26   /////

27

28   _____
     [1]  Page number citations such as this one are to the page numbers reflected on the court's
     CM/ECF system and not to page numbers assigned by the parties.

1  Indem. Co. v. Metropolitan Life Insur. Co., 228 F.R.D. 111, 113 (D. Conn. 2005).  In attempting

2  to satisfy this burden, defendant has raised two arguments.[2]

3       First, defendant argues that the depositions of the DOJ employees which plaintiffs' seek to

4  take are not relevant to this litigation.  Specifically, defendant argues that the "sole issue in this

5  case is whether the COUNTY's recovery of the remains of Jo Ann Hobson from an abandoned

6  agricultural well in February 2012, resulted in a substantive due process violation."  (JS (Dkt. No.

7  55) at 5.)  The argument is unpersuasive.

8       In addition to a substantive due process claim plaintiffs are also proceeding on a claim

9  pursuant to Monell v. Dept's of Soc. Servs. of the City of New York, 436 U.S. 658 (1978), under

10  the theory that defendant's employees, "based on a direct order . . . of the Sheriff . . . [,] ordered

11  the well to be rapidly and completely dug up" in a manner that violated plaintiffs' right to

12  substantive due process.  (MTD Ord. (Dkt. No. 32) at 16.)  Municipal liability under Monell may

13  be premised upon:  (1) an official policy; (2) a "longstanding practice or custom which constitutes

14  the standard operating procedure of the local government entity;" (3) the act of an "official whose

15  acts fairly represent official policy such that the challenged action constituted official policy;" or

16  (4) where "an official with final policy-making authority delegated that authority to, or ratified

17  the decision of, a subordinate."  Price v. Sery, 513 F.3d 962, 966 (9th Cir. 2008).  Plaintiffs

18  contend that the depositions of DOJ employees Leonard and Brooks may lead to the discovery of

19  relevant evidence showing that the actions taken were part of an official policy or custom.

20       "The scope of discovery under Rule 26(b) is extremely broad."  Burke v. Ability Ins. Co.,

21  291 F.R.D. 343, 348 (D. S.D. 2013).  In this regard, "the information must be relevant to a claim

22  or defense, but need not be admissible at trial."  Lesti v. Wells Fargo Bank NA, 297 F.R.D. 665,

23  667 (M.D. Fla. 2014).  The undersigned concludes that the depositions which plaintiffs seek may

24  reveal information relevant to their Monell claim.  Specifically, those depositions may reveal

_____

25  [2]  In the parties' joint statement, defendant asserted a third argument relating only to the requested
26  production of documents at the depositions.  In this regard, defendant argued that the subpoenas
   seek information "protected pursuant to state statute," as evidenced by the DOJ's reference to
27  California Penal Code §§ 14204(b) and 14205(f).  (JS (Dkt. No. 55) at 5-6.)  As explained above,
   however, plaintiffs are not challenging the DOJ's objection to the request for production of
28  documents.

1   evidence to supports plaintiffs' claim that the defendant's alleged wrongful actions were part of

2   an official policy or custom and not merely accidental.[3]

3      Defendant also argues that the "discovery at issue falls squarely within the COUNTY's

4   law enforcement privilege." (JS (Dkt No. 55) at 6.)  The undersigned also finds this argument to

5   be unpersuasive in the context of the present dispute.

6      The purpose of the law enforcement privilege is "to prevent disclosure of law enforcement

7   techniques and procedures, to preserve the confidentiality of sources, to protect witness and law

8   enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and

9   otherwise to prevent interference with an investigation." In re Dep't of Inv. of City of N.Y., 856

10  F.2d 481, 484 (2d Cir. 1988).  But the privilege is not absolute.  It is a qualified privilege only

11  that requires the Court to "balance the public interest in nondisclosure against the need of the

12  particular litigant for access to the privileged information." Friedman v. Bache Halsey Stuart

13  Shields, Inc., 738 F.2d 1336, 1341 (D.C. Cir. 1984).  In deciding whether the privilege should

14  apply, courts consider:  (1) the extent to which disclosure will thwart governmental processes by

15  discouraging citizens from giving the government information; (2) the impact upon persons who

16  have given information of having their identities disclosed; (3) the degree to which governmental

17  self-evaluation and consequent program improvement will be chilled by disclosure; (4) whether

18  the information sought is factual data or evaluative summary; (5) whether the party seeking the

19  discovery is an actual or potential defendant in any criminal proceeding either pending or

20  reasonably likely to follow from the incident in question; (6) whether the police investigation has

21  been completed; (7) whether any intradepartmental disciplinary proceedings have arisen or may

22  arise from the investigation; (8) whether the plaintiff's suit is non-frivolous and brought in good

23  faith; (9) whether the information sought is available through other discovery or from other

24  sources; and (10) the importance of the information sought to the plaintiff's case.  Frankenhauser

25  v. Rizzo, 59 F.R.D. 339, 344 (E.D. Pa.1973).  Here, defendant has failed to address the relevant

26  factors the court should consider in order to determine whether the privilege is implicated by the

27

28  [3]  As discussed above, the DOJ has not objected to producing the employees for deposition
    pursuant to plaintiffs' subpoenas..

1    depositions which plaintiffs seek.

2         Moreover, before the government may assert the privilege, "the information for which the

3    privilege is claimed must be specified, with an explanation why it properly falls within the scope

4    of the privilege." In re Sealed Case, 856 F.2d 268, 271 (D.C. Cir. 1978). See also Hayslett v.

5    City of San Diego, Civil No. 13-CV-1605-W (BGS), 2014 WL 1154314, at *2 (S.D. Cal. Mar.

6    21, 2014) ("the party invoking the privilege must at the outset make a substantial threshold

7    showing by way of a declaration or affidavit from a responsible official with personal knowledge

8    of the matters to be attested to in the affidavit"); Torres v. Kuzniasz, 936 F. Supp. 1201, 1210 (D.

9    N.J. 1996) ("A claim of executive or law enforcement privilege must be asserted by the head of

10   the agency claiming the privilege after he or she has personally reviewed the material and

11   submitted precise and certain reasons for preserving the confidentiality of the communications.").

12   "Until the claim of privilege has been presented to a district court with appropriate deliberation

13   and precision and the duty of the demanding party to show his or her need for disclosure has been

14   triggered, and until that duty has been discharged by the demanding party, the district court is not

15   equipped to engage in the task of identifying and weighing the competing interests." Friedman,

16   738 F.2d at 1342.

17        As has been recognized, "[t]he law enforcement privilege is properly asserted, not to

18   block an entire deposition, but to preclude specific questions if the resisting party adequately

19   demonstrates that the harm to cognizable law-enforcement interests from requiring an answer

20   outweighs the discovering party's need for the information." Pegoraro v. Marrero, No. 10 Civ.

21   0051 (AJN)(KNF), 2012 WL 1948887, at *8 (S.D.N.Y. May 29, 2012). See also Fonville v.

22   District of Columbia, 230 F.R.D. 38, 46-47 (D. D.C. 2005) ("If . . . defendant . . . believes that

23   the law enforcement privilege protects this information from disclosure defendant may assert the

24   privilege as it relates to specific questions posed during the deposition."); Maher v. Monahan, No.

25   98 CIV. 2319 (JGK)(M), 2000 WL 648166, at *5 (S.D.N.Y. May, 18, 2000) (the law enforcement

26   privilege is "properly dealt with on a question-by-question basis when the deposition is

27   conducted").

28   /////

1    Based upon the parties' joint stipulation and defendant's failure as the party asserting the

2    privilege to do so with the required deliberation and precision, the court at this time is unable to

3    determine if the law enforcement privilege may be appropriately be invoked with respect to any

4    particular question asked at either of these depositions.  If, during the course of the depositions

5    counsel for the defendant County or counsel for the deponents believes that the law enforcement

6    privilege protects specific information from disclosure, the privilege may be asserted as to the

7    specific question or questions.[4]

8                                          CONCLUSION

9    For the reasons stated above, the undersigned finds that defendant has failed to satisfy its

10    burden in moving to quash the deposition subpoenas in question.  Accordingly, defendant's

11    March 13, 2015 motion to quash (Dkt. No. 46) is denied.

12    IT IS SO ORDERED.

13    Dated:  June 2, 2015

14

15                                          DALE A. DROZD
                                            UNITED STATES MAGISTRATE JUDGE
16

17    DAD:6
      Ddad1\orders.civil\shelley0266.oah.052215

18

19

20

21

22

23

24

25    [4]  The parties are advised that, calendar permitting, the undersigned is normally available to rule
26    on a dispute that arises during a deposition, as long as the parties are available by telephone
      during the deposition and both parties agree to abide by the court's ruling on the objection
27    without briefing.  If such a dispute arises and the parties wish to contact the undersigned to
      resolve the dispute the parties may contact the undersigned's courtroom deputy, Pete Buzo, at
28    (916) 930-4128.

                                            6